UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUBREY TONEY, | ) | CASE NO.: 4:22CV683 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | U.S. DISTRICT JUDGE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DAVID BOBBY, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I. Introduction

Petitioner, Aubrey Toney, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Toney is an Ohio prisoner who is currently serving a sentence of 29 years to life for numerous convictions resulting from the murder of Thomas Repchic and the shooting of his wife, Jacqueline Repchic. Toney raises a single ground for relief in his petition asserting that his due process rights were violated when he was not physically present for his resentencing hearing. (ECF No. 1). Respondent, Warden David Bobby, filed a return of writ on August 24, 2022 (ECF No. 7) and Toney filed a traverse on September 23, 2022 (ECF No. 8).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Toney's petition. Toney's sole ground for relief was procedurally defaulted; thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II. Relevant Factual Background

The facts found by the appellate court of record "shall be presumed to be correct," and the

1

petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), cert. denied, 527 U.S. 1040 (1999).

Herein, Toney's petition focuses solely upon an alleged procedural irregularity in his resentencing hearing. The Court notes that the facts surrounding that proceeding were concisely stated by the Ohio's Seventh District Court of Appeals as follows.

> Appellant was convicted of the murder of Thomas Repchic and the felonious assault of Jacqueline Repchic for events that transpired on September 25, 2010. *State v. Toney*, 7th Dist. Mahoning No. 14 MA 0083, 2016-Ohio-3296, ¶ 3. He was sentenced to fifteen years to life in prison for the murder conviction, eight years for felonious assault, and six years for the attendant firearm specifications; in the aggregate, Appellant was sentenced to twenty-nine years to life in prison. Appellant appealed his conviction. On appeal, this court affirmed the jury verdict, reversed the sentence, and remanded the matter for a new sentencing hearing. *Id*. at ¶ 2, 87. We held the trial court failed to make the statutorily mandated consecutive sentence findings in the judgment entry and at the sentencing hearing. *Id*. at ¶ 2, 85.
>
> A resentencing hearing was held on July 12, 2016. The trial court sentenced Appellant to the same sentence, an aggregate sentence of twenty-nine years to life. He appealed the resentencing order and argued the trial court improperly imposed mandatory consecutive sentences and failed to properly make the R.C. 2929.14(C)(4) findings within its sentencing entry. *State v. Toney*, 2017-Ohio-9384, 102 N.E.3d 1139, ¶ 1 (7th Dist.). We found merit with this argument, vacated the consecutive sentences, and remanded once again for resentencing on the consecutive sentence issue. *Id*. at ¶ 21.
>
> The second resentencing hearing was set for March 6, 2018. However, the matter was continued upon motion of defense counsel. 3/12/18 J.E. The resentencing hearing was held on April 12, 2018. Appellant did not appear in person; rather, he appeared by teleconference. 4/12/18 Tr. 2-3. The trial court once again imposed the same sentence – fifteen years to life for murder, three years for the attendant firearm specification, eight years for felonious assault, three years for the attendant firearm specification, and ordered the sentences to run consecutively.

*State v. Toney*, 2020-Ohio-5044, ¶¶ 2-4.

**III. Relevant Procedural History**

Following his second resentencing on April 18, 2018, Toney filed a direct appeal with the

2

Seventh District Court of Appeals with the assistance of counsel. (ECF No. 7-1, PageID #: 293).

In his appeal, Toney raised one assignment of error:

> ASSIGNMENT OF ERROR
>
> Appellant was denied his rights to due process, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, as well as Ohio Rule of Criminal Procedure 43, when the trial court conducted his sentencing hearing without him being physically present for the same.

(*Id.,* PageID #: 301). The appellate court noted that Toney failed to contemporaneously object to the trial court proceeding without his physical presence. (*Id.*, PageID #: 321). Accordingly, the appellate court undertook a plain error review. (*Id.*). Following that review, the court determined that Toney's appearance by teleconference did not amount to plain error that warranted remand. (*Id.*). Toney appealed to the Ohio Supreme Court from that decision on December 9, 2020, raising two propositions of law. (*Id.,* PageID #: 329, 362).

> Proposition of Law No. 1:
>
> Failure to strictly comply with the plain and unambiguous language of Ohio Crim.R. 43 constitutes per se prejudicial error requiring a reversal of the sentence imposed and a remand for a resentencing hearing.
>
> Proposition of Law No. 2:
>
> A trial court fails to substantially comply with Ohio Crim.R. 43 where the defendant is not physically present at the sentencing hearing, no formal waiver was obtained, and the defendant does not appear via videoconference.

(*Id.,* PageID #: 362). On April 27, 2021, the Ohio Supreme Court declined to hear the appeal. (*Id.,* PageID #: 406).

### IV. Federal Habeas Corpus Petition

On April 27, 2022, Toney petitioned through counsel that this Court issue a writ of habeas corpus. (ECF No. 1). Toney's petition contains a singular ground for relief:

3

> The trial court violated Petitioner's constitutional right to due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution by failing to secure his presence or valid waiver at resentencing.

(ECF No. 1 at 6). Respondent filed the return of the writ on August 24, 2022 (ECF No. 7), and Toney filed his traverse on September 23, 2022 (ECF. No. 8).

**V. Procedural Default**

A federal court may not reach the merits of claims if they have been procedurally defaulted in state court by a state prisoner, absent cause and prejudice or a finding of actual innocence. *Reed v. Farley*, 512 U.S. 339, 354–55 (1994); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Jennings v. Ross Corr., Warden*, No. 3:16CV119, 2019 WL 1026206, at *3 (N.D. Ohio Mar. 4, 2019). A state prisoner's federal claim is defaulted if he fails to comply with a state procedural rule, such as a contemporaneous objection rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Respondents argues herein that Ohio's contemporaneous objection rule constitutes a state procedural bar to Petitioner's federal habeas review.

To determine if a federal habeas claim is precluded by a petitioner's failure to observe a state procedural requirement, an analysis must be conducted using the test the Sixth Circuit set forth in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). *See Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998). Under *Maupin*, a reviewing court must determine (1) whether "there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;" (2) "whether the state courts actually enforced the state procedural sanction;" and (3) "whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin*, 785 F.2d at 138. If these three prerequisites are present, then the cause-and-prejudice test must be utilized for the

4

court to determine if a procedurally defaulted claim in state court is barred from federal habeas review.

Under the *Maupin* cause-and-prejudice test, a claim that is procedurally defaulted in state court will not be reviewed in federal habeas corpus unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or that failure to consider the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. For cause to be established, the petitioner must present a substantial reason to excuse the default. *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) More specifically, "[d]emonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In addition to cause, the petitioner must show that he was actually prejudiced because of the claimed constitutional error. *Maupin*, 785 F.2d at 139.

There is no dispute that Ohio's contemporaneous objection rule is an adequate and independent state ground that was applicable to Toney's claimed error. *See Gulertekin v. Tinnelman–Cooper,* 340 F.3d 415, 423–24 (6th Cir. 2003) (observing that "[w]e have previously held Ohio's contemporaneous objection rule to constitute an adequate and independent state ground"). Moreover, "by performing only a plain error review of this issue, the state appellate court actually enforced the state procedural sanction, thereby satisfying the second prong of *Maupin*." *Wilson v. Wainwright,* No. 1:18-CV-2032, 2020 WL 11193263, at *10 (N.D. Ohio Oct. 26, 2020), *report and recommendation adopted,* No. 1:18-CV-2032, 2021 WL 4264052 (N.D. Ohio Sept. 20, 2021) (citing *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001) ("we view a state appellate court's review for plain error as the enforcement of a procedural default") (citing *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) ("Controlling precedent in our circuit

5

indicates that plain error review does not constitute a waiver of state procedural default rules.")))). Accordingly, this Court cannot review the merits of Toney's claim unless he can demonstrate cause and prejudice.

In support of his argument that cause exists, Toney contends that "[t]he record in this case unequivocally establishes that Toney was never properly advised about his right to be physically present." (ECF No. 8 at 5). Toney then effectively argues that because he was personally unaware of his right to be present, he has demonstrated cause for the lack of a contemporaneous objection. However, as noted above, cause must result some objective factor *external* to the defense. *Franklin*, 434 F.3d at 417. Even viewing Toney's argument in a generous manner, he has at best indirectly asserted that his trial counsel was ineffective for failing to lodge a timely objection to his absence at the sentencing hearing. However, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Toney has never raised an ineffective assistance of counsel claim at any level of the state proceedings, and because state law no longer permits him to do so, he has procedurally defaulted this ineffective assistance of counsel claim. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009). Accordingly, he may not rely upon such an argument to demonstrate cause.

As Toney has failed to demonstrate any cause for his procedural default, this Court may not consider the merits of his sole ground for relief.

**VII. Recommendation**

Because Toney's sole ground for relief is procedurally defaulted, I recommend that the Court DENY his petition and not grant him a certificate of appealability.

DATED: April 8, 2024

s/ Carmen E Henderson<br>
Carmen E. Henderson<br>
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).