# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| AUBREY TONEY, | ) | CASE NO. 4:22-cv-683 |
|  | ) |  |
| PETITIONER, | ) |  |
|  | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) |  |
|  | ) |  |
|  | ) | MEMORANDUM OPINION |
| WARDEN DAVID BOBBY, | ) | AND ORDER |
|  | ) |  |
| RESPONDENT. | ) |  |

On April 8, 2024, the assigned magistrate judge issued a report and recommendation ("R&R") recommending that the petition for writ of habeas corpus be denied upon a finding that the sole claim contained therein is procedurally defaulted. (Doc. No. 9 (R&R), at 1[1]; *see* Doc. No. 1 (Petition); Doc. No. 2 (Amended Petition).) Petitioner Aubrey Toney ("Toney" or "petitioner") filed timely objections pursuant to Fed. R. Civ. P. 72(b)(2). (Doc. No. 10 (Objections).) Respondent Warden David Bobby ("Warden Bobby" or "respondent") filed no response to Toney's objections and the time for doing so under the rule has expired. For the reasons set forth herein, Toney's petition is denied and this case is dismissed.[2]

## I.    BACKGROUND

The following background facts were determined by the Ohio Court of Appeals for the Seventh District and are presumed to be correct in this habeas corpus proceeding. 28 U.S.C. §

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

[2] The petition is fully briefed. (*See* Doc. No. 7 (Return of Writ); Doc. No. 8 (Reply).)

2254(e)(1); *see Spagnola v. Horton*, No. 17-1462, 2017 WL 8948745, at *2 (6th Cir. Oct. 30, 2017). Toney is currently serving a sentence of twenty-nine years to life in state court for murder and felonious assault, with attendant firearm specifications. *See State v. Toney*, No. 18 MA 81, 2020 WL 6266942, at *1 (Ohio Ct. App. Oct. 23, 2020). As described by the state appellate court, after he was initially sentenced by the trial court,

> {¶ 2} [Toney] appealed his conviction. On appeal, this court affirmed the jury verdict, reversed the sentence, and remanded the matter for a new sentencing hearing. [*State v. Toney*, No. 14 MA 83, 2016-Ohio-3296, ¶ 2, 87.] We held the trial court failed to make the statutorily mandated consecutive sentence findings in the judgment entry and at the sentencing hearing. *Id.* at ¶ 2, 85.

> {¶ 3} A resentencing hearing was held on July 12, 2016. The trial court sentenced [Toney] to the same sentence, an aggregate sentence of twenty-nine years to life. He appealed the resentencing order and argued the trial court improperly imposed mandatory consecutive sentences and failed to properly make R.C. 2929.14(C)(4) findings within its sentencing entry. *State v. Toney*, 2017-Ohio-9384, 102 N.E.3d 1139, ¶ 1 (7th Dist.). We found merit with this argument, vacated the consecutive sentences, and remanded once again for resentencing on the consecutive sentence issue. *Id.* at ¶ 21.

> {¶ 4} The second resentencing hearing was set for March 6, 2018. However, the matter was continued upon motion of defense counsel. 3/12/18 J.E. The resentencing hearing was held on April 12, 2018. [Toney] did not appear in person; rather, he appeared by teleconference. 4/12/18 Tr. 2-3. The trial court once again imposed the same sentence—fifteen years to life for murder, three years for the attendant firearm specifications, eight years for felonious assault, three years for the attendant firearm specification, and ordered the sentences to run consecutively. 7/3/18 J.E.; 4/12/18 Tr. 3-5.

*Id.*

Toney took a direct appeal from the second resentencing, arguing that the trial court denied him due process and violated Ohio Rule of Criminal Procedure 43 when it conducted the sentencing hearing without him being physically present in the courtroom. *Id.* Because Toney's counsel failed to lodge a contemporaneous objection with the trial court to his client's participation

2

at resentencing by teleconference, the state appellate court engaged in a plain error review and upheld the trial court's judgment. *Id*. at *2–5.

Toney subsequently appealed to the Ohio Supreme Court, arguing the following propositions of law:

> Proposition of Law No. 1:
>
> Failure to strictly comply with the plain and unambiguous language of Ohio Crim.R. 43 constitutes per se prejudicial error requiring a reversal of the sentence imposed and a remand for a resentencing hearing.
>
> Proposition of Law No. 2:
>
> A trial court fails to substantially comply with Ohio Crim.R. 43 where the defendant is not physically present at the sentencing hearing, no formal waiver was obtained, and the defendant does not appear via videoconference.

(Doc. No. 7-1, at 259.) On April 27, 2021, the Ohio Supreme Court declined to hear the appeal. (*Id*. at 303.)

## II.    FEDERAL HABEAS PETITION AND R&R

On April 27, 2022, Toney, through counsel, petitioned this Court for a writ of habeas corpus. (Doc. No. 1; *see* Doc. No. 2.) In his petition, Toney raised one ground for relief:

> The trial court violated Petitioner's constitutional right to due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution by failing to secure his presence or valid waiver at resentencing.

(Doc. No. 1, at 6; *see* Doc. No. 2, at 6 (identical claim).)

In her R&R, the magistrate judge recommended that the Court find the sole ground set forth in the petition procedurally barred due to Toney's failure to observe a state procedural requirement—Ohio's contemporaneous objection rule—when his counsel failed to object to Toney's participation at the second resentencing via teleconferencing. (Doc. No. 9, at 1.) Applying

3

the Sixth Circuit test set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the magistrate judge found that the claim was defaulted because Ohio's contemporaneous objection rule is an adequate and independent state ground, applicable to Toney's claimed error, that was actually enforced by the state appellate court's plain error review. (Doc. No. 9, at 4–6.)

Finding a procedural default, the magistrate judge concluded that this Court could not review the merits of the defaulted claim unless Toney could demonstrate cause and prejudice for the default. (*Id*. at 6.) Because Toney argued that the record established that he was never "properly advised about his right to be physically present" at resentencing, and because he was therefore personally unaware of his right to be present, the magistrate judge interpreted his argument as "indirectly assert[ing] that his trial counsel was ineffective for failing to lodge a timely objection to his absence at the sentencing hearing." (*Id*.) The magistrate judge found, however, that any ineffectiveness on the part of Toney's counsel could not satisfy the necessary cause and prejudice to excuse the default because such a claim was itself procedurally barred, as Toney had failed to raise ineffectiveness "at any level of the state proceedings, and . . . state law no longer permits him to do so[.]" (*Id*. (citing *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009)).

## III.   LEGAL STANDARD OF REVIEW

### A.  28 U.S.C. § 636(b)(1)(C)

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. AEDPA

Although the Court must review *de novo* any matter properly objected to, in the habeas context, it must do so under the deferential standard of the Antiterrorism and Death Penalty Act of 1996 ("AEDPA.") Under the AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

As to the first prong,

> [A] decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." [citation

5

> omitted] . . . . [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." [citation omitted]. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." [citation omitted].

*Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

With respect to the second prong, federal courts must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).

Under AEDPA's deferential habeas review standard, the question before the Court on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 473 (citing *Williams,* 529 U.S. at 410). In order to obtain habeas corpus relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

This standard is difficult to meet "because it was meant to be." *Id*. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 102–03 (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

IV.    **TONEY'S OBJECTIONS**

While Toney argues generally that the magistrate judge erred in concluding that the federal ground for relief in his petition is procedurally defaulted (*see* Doc. No. 10, at 3), it is important to start with what Toney does not challenge in his objections. Specifically, Toney does not object to the magistrate judge's application of federal law governing procedural default or suggest that the magistrate judge applied the wrong legal standard. (*See* Doc. No. 9, at 4–5.) Toney also does not deny that his trial counsel failed to lodge a contemporaneous objection to his participation at resentencing by teleconferencing. (*See id*. at 2 (quoting state appellate court decision).) Additionally, Toney takes no issue with the magistrate judge's conclusion that Ohio's contemporaneous objection rule is an adequate and independent state ground that was actually applied by the state appellate court to limit Toney to a plain error review of his constitutional claim on appeal. (*See id*. at 5–6.) In short, Toney does not deny that, barring some exception to the procedural default doctrine, this Court cannot reach his constitutional claim on federal habeas review.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 751, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). "'Cause' is a legitimate excuse for the default; "'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984) (citation omitted). A "fundamental miscarriage of justice" occurs when a

petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

The magistrate judge construed Toney's complaint that the trial court never properly advised him of his right to be physically present at his resentencing, leaving him personally unaware of such a right, as an argument that his trial counsel was constitutionally ineffective for failing to lodge a contemporaneous objection to his participation by teleconferencing. (Doc. No. 9, at 6 (citing Doc. No. 8, at 6).) In his objections, Toney argues that the magistrate judge misconstrued his argument as invoking the right to effective assistance of counsel.[3] (Doc. No. 10, at 4 (noting that Toney's right to be present at his resentencing hearing was "wholly independent of trial counsel's obligation to render effective representation, including making a contemporaneous objection to the court's constitutionally infirm sentencing procedure").) Instead, Toney focuses on the trial court's failings, noting that the "trial court was constitutionally obligated to ensure that Toney was physically present at the sentencing hearing." (*Id*.) Given this alleged failure, Toney argues that the magistrate judge's finding of a procedural default is "patently inconsistent with the principles of fundamental fairness and due process of law—namely, penalizing a defendant for the trial court's failure to comply with clear statutory and constitutional

---

[3] To the extent Toney does rely on the alleged ineffective assistance of counsel in failing to lodge a contemporaneous objection to his client's participation in the resentencing via teleconferencing as "cause," the magistrate judge correctly determined that such a claim was itself procedurally defaulted and therefore could not be used to excuse the default of the constitutional claim asserted in the federal petition. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) (explaining that an ineffective assistance of counsel claim asserted as "cause" to excuse the procedural default of another claim can itself be procedurally defaulted (citation omitted)). Toney does not dispute the magistrate judge's determination that he never raised ineffective assistance of counsel at any point during the state appellate proceedings. (*See* Doc. No. 9, at 6.)

directives of which the defendant was wholly unaware."[4] (*Id*. at 5.) It appears then that Toney is attempting to leverage the alleged constitutional violation asserted in his habeas petition as the justification for his default. Such an approach satisfies neither the cause nor the prejudice necessary to overcome the default.

"A showing of cause for the default requires more than the mere proffer of an excuse." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). "Rather, 'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id*. at 763–64 (quoting *Murray*, 477 U.S. at 488). "Such factors may include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available." *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (quoting *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (further citation omitted)).

Toney has not shown how the state trial court's failure to ensure his physical presence at his second resentencing hearing impeded his counsel's ability to lodge a contemporaneous objection thereto. The record is clear that Toney's counsel was afforded an opportunity to speak

---

[4] Toney has failed to explain how the fact that he was not made personally aware by the trial court of the right to be physically present at resentencing in any way hampered his counsel's ability to make a contemporaneous objection. Further, by this argument, Toney appears to be conflating a criminal defendant's rights under Ohio R. Crim. P. 43 with the protections afforded by the Due Process Clause. While it would violate Ohio's Rule 43 for a trial court to permit a defendant to participate remotely at any stage in a criminal proceeding without, among other things, providing proper notice to all the parties, a Rule 43 violation does not necessary translate into a due process violation. *See* Ohio R. Crim. P. 43(A)(2)(a). Rather, "prejudicial error [from a defendant's absence during a critical stage of a criminal proceeding] exists only where a fair and just hearing is thwarted by his absence." *State v. Williams*, 452 N.E.2d 1323, 1330 (Ohio 1983) (citation and alterations omitted); s*ee also Brown v. Harris*, No. 3:17-cv-080, 2018 WL 776269, at *2 (S.D. Ohio Feb. 8, 2018) ("Assuming the trial court did fail to follow Ohio Criminal Rule 43, that would not state a claim under the United States Constitution. Failure to abide by state law is not itself a constitutional violation" (citing *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985)), *supplemented,* 2018 WL 1069986 (S.D. Ohio Feb. 27, 2018).

at the hearing and could have lodged such an objection at any time during the proceeding. *See Toney*, 2020 WL 6266942, at *4. Toney was also permitted to speak at the hearing—though he elected to remain silent—and was given an opportunity to speak privately with his counsel prior to the hearing and could have discussed with his counsel then the advisability of going forward via teleconferencing. *Id*. at *3–5. Nothing about these proceedings suggest that counsel was thwarted by the trial court from complying with Ohio's contemporaneous objection rule. *See Shorter v. Ohio Dep't of Rehab. & Corr*., 180 F.3d 723, 726 (6th Cir. 1999) (noting that petitioner had failed to demonstrate cause because his "[c]ounsel's efforts to comply with the state's procedural rule were not impeded by some objective factor external to the defense"); *see, e.g., Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000) (state appellate court's refusal to correct the record did not constitute cause for procedural default). Accordingly, Toney has failed to demonstrate cause for his procedural default.

Citing to decisions from other circuits on direct review, Toney also argues that the trial court's failure to ensure his physical presence at the hearing is "*per se* prejudicial, warranting a reversal."[5] (Doc. No. 10, at 4 (collecting decisions from the Fifth, Seventh, and Tenth Circuits).) Yet, the Supreme Court and the Sixth Circuit have held that habeas "petitioners must show actual prejudice to excuse their default, even if the error is structural." *Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012) (citing *Francis v. Henderson*, 426 U.S. 536, 542, 96 S. Ct. 1708, 48 L. Ed. 2d 149 (1976)); *see Weaver v. Massachusetts*, 582 U.S. 286, 293–95, 299–301 (2017) (similar); *Jones v. Bell*, 801 F.3d 556, 563 (6th Cir. 2015) ("Habeas petitioners must *additionally* show actual

---

[5] Given Toney's inability to establish cause for the default, the Court is not required to reach the issue of prejudice, even though it elects to do so. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).

prejudice to excuse their default—even if the error that served as the cause is a structural one that would require a new trial" on direct appeal (quotation marks and citations omitted (emphasis in original))); *Parks v. Chapman*, 815 F. App'x 937, 944 (6th Cir. 2020) ("*Weaver* stands for the idea that finality and judicial economy can trump even structural error; so, when a defendant raises a structural error on collateral review rather than on direct review, he must prove actual prejudice, even though he would not have had to prove actual prejudice if he had raised it on direct review.").

Toney has failed to demonstrate, or even argue, that he suffered any actual prejudice from his remote participation. "Because of comity and federalism, the petitioner must show that 'the outcome would have been different' 'regardless of the nature of the underlying constitutional claim.' And that 'outcome' refers to the *actual* and *eventual* outcome of the *trial.*" *Bell*, 801 F.3d at 564 (quoting *Ambrose*, 684 F.3d at 650–51 (emphasis supplied by *Bell*)). Toney cannot show that the outcome of the resentencing hearing, in which he received the same sentence he previously received on two earlier occasions and during which he refused to speak, would have been any different had he participated in person. Without such a showing, he cannot establish actual prejudice necessary to overcome the procedural default of his constitutional claim.[6] Because he failed to establish cause and prejudice for the procedural default, Toney's objections are overruled.

---

[6] Even though Toney complains generally that the magistrate judge's recommended resolution "ignores the Supreme Court's directive that the 'cause-and-prejudice' exception was not intended to" prevent federal habeas review for an individual who would otherwise be the victim of a miscarriage of justice (*see* Doc. No. 10, at 3–4), the Court does not construe Toney's objections (or his underlying petition and reply) as advancing an argument that the application of the procedural default doctrine to his constitutional claim would result in a fundamental miscarriage of justice. Toney has not established, or even suggested, that he is actually (and factually) innocent of the crimes for which he was convicted, and there is nothing in the record that would support such a conclusion. *See Schlup*, 513 U.S. at 327 (noting that to establish a fundamental miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent" (quoting *Murray*, 477 U.S. at 496)).

## V.    CONCLUSION

Upon *de novo* review and for the reasons set forth herein, the objections to the R&R are overruled, the R&R is accepted, and the petition, as amended, for writ of habeas corpus is denied. Further, for all the same reasons, the Court finds that "reasonable jurists" would not debate the Court's determination that the single ground for relief contained in the habeas petition is procedurally defaulted.[7] *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be made in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 19, 2024

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[7] In so ruling, the Court denies Toney's request to submit additional briefing on the question of certification. (*See* Doc. No. 10, at 6.)

12